**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50189 |
| Plaintiff-Appellee, | D.C. No. 5:17-cr-00273-JFW-1 |
| v. | |
| JOSEPH JAY SPADAFORE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted January 22, 2020
Pasadena, California

Before: RAWLINSON, LEE, and BRESS, Circuit Judges.

Appellant Joseph Jay Spadafore (Spadafore) appeals his conviction for

maintaining a drug-involved premises in violation of 21 U.S.C. § 856(a)(1).

Spadafore contends that the district court erred in denying his motion to suppress

because the warrantless entry into the residence by fire department personnel and

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

law enforcement officers was not justified by exigent circumstances. Spadafore further asserts that there was insufficient evidence supporting his conviction for maintaining the residence for the purpose of manufacturing drugs.

Assuming that Spadafore had standing to challenge the search,[1] exigent circumstances involving the explosion of volatile materials used for manufacturing hashish oil justified the search of the residence by fire department personnel and law enforcement officers. During the initial search for potential victims of the explosion, first responders observed "glassware, tubing, jars, and other equipment that resembled a drug lab." Later in the night, a fire captain with the "hazardous materials unit" accompanied law enforcement officers, while wearing "air monitoring devices . . . in order to check the air quality and confirm the nature of the lab inside the home, particularly whether it involved hazardous materials that could pose a danger to life, property, or the environment." Although the fire had been extinguished, it was reasonable for fire department personnel and law enforcement officers to search the property due to the explosion and the presence

---

[1] Resolution of the standing issue is not required for us to address the merits of Spadafore's Fourth Amendment challenge. *See United States v. Garay*, 938 F.3d 1108, 1111 (9th Cir. 2019) (explaining that "Fourth Amendment standing, unlike Article III standing in the civil context, is not a jurisdictional question and hence need not be addressed before addressing other aspects of the merits of a Fourth Amendment claim") (citation and internal quotation marks omitted).

of other hazardous and volatile materials.  *See United States v. Martin*, 781 F.2d 671, 674-75 (9th Cir. 1985) (holding that law enforcement officer's search was justified by exigent circumstances "[i]n light of the potential danger of additional explosions or fire" and the need "to determine the cause of the explosion and to ensure that additional explosions or fire would not occur"); *see also Michigan v. Tyler*, 436 U.S. 499, 510 (1978) (articulating that "officials need no warrant to remain in a building for a reasonable time to investigate the cause of a blaze after it has been extinguished") (footnote reference omitted).

There was sufficient evidence supporting Spadafore's conviction.  The prosecution presented evidence that Spadafore was the sole occupant of a residence extensively used for hashish oil extraction, that he paid strikingly high utility bills, and that his personal possessions were in close proximity to items used for drug manufacturing.  From this evidence, the jury could have reasonably inferred that Spadafore maintained the residence for the purpose of manufacturing drugs in violation of 21 U.S.C. § 856(a)(1).  *See United States v. Ford*, 371 F.3d 550, 554 (9th Cir. 2004) (explaining that 21 U.S.C. § 856(a)(1) "requires that the person who opens or maintains the property have the purpose of manufacturing, storing, distributing, or using a controlled substance") (citation and internal quotation marks omitted); *see also United States v. Shetler*, 665 F.3d 1150, 1162 (9th Cir.

3

2011) (noting that "in the residential context, the manufacture (or distribution or use) of drugs must be at least one of the primary or principal uses to which the house is put") (citation omitted).

**AFFIRMED.**